# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0120-18T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

TAQUAN K. RANGE, a/k/a
NYEEM RANGE,

     Defendant-Appellant.

_____

Submitted December 17, 2019 – Decided December 31, 2019

Before Judges Accurso and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Warren County, Indictment No. 09-03-0083.

Joseph E. Krakora, Public Defender, attorney for appellant (Howard Woodley Bailey, Designated Counsel, on the brief).

James L. Pfeiffer, Warren County Prosecutor, attorney for respondent (Dit Mosco, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Taquan K. Range appeals an order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

Following a jury trial, defendant was convicted of all ten offenses charged in a Warren County indictment, including aggravated sexual assault, armed robbery, burglary, terroristic threats, and weapons offenses. Imposing concurrent terms of imprisonment on each conviction, the judge sentenced defendant to an aggregate twenty-year prison term subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

On direct appeal, we reversed two of the weapons convictions, and remanded for resentencing, merger of other convictions and a restitution hearing. State v. Range, No. A-0822-11 (App. Div. Oct. 1, 2014) (slip op. at 13), certif. denied, 221 N.J. 287 (2015). We otherwise affirmed defendant's convictions and sentence. Ibid.

We incorporate by reference the facts and procedural history set forth in our prior opinion. Id. at 1-12. In short, defendant and two other men, intent on beating and robbing "Sammy," a marijuana dealer known to them, happened upon the wrong apartment. Id. at 4. After the victim – who did not know the men – answered the door, she was sexually assaulted, threatened at gunpoint, struck in the head with a gun, and robbed of twenty dollars, jewelry and oatmeal

cookies. Id. at 5-7. One of the men held a gun to her three-year-old's head. Id. at 6. Defendant told the getaway driver the woman had performed oral sex on him while he was wearing a condom. Id. at 8. DNA evidence confirmed his account. Ibid.

At sentencing, trial counsel commenced his argument in support of mitigation by directing the judge to defendant's brain injury:

> I'm sure the [c]ourt saw in our submission that when he was quite young Mr. Range was the victim of a brutal assault, apparently struck repeatedly in the head with a hammer, such that he sustained a depressed skull fracture, had to have surgery to relieve pressure on his brain, and subsequently there's [sic] additional surgical reports that he had to have surgery that covered the area of the scalp that had been scarred and left him traumatized.

Acknowledging counsel submitted medical records of defendant's "very serious" head injury, the sentencing judge, who had tried the case, "didn't really attach . . . any weight to that at all." Noting defendant had not asserted a diminished capacity defense at trial, the judge further found "[t]here was no evidence that [defendant's] head injury had any permanent effect upon [him] that would interfere with [his ability to] reason . . . ." Rather, the judge emphasized the offenses for which defendant was convicted "started out with . . . a premeditated robbery."

A-0120-18T4

Defendant filed a pro se PCR petition claiming his trial counsel was ineffective for failing to present a diminished capacity defense based on defendant's head injury. Defendant also asserted prosecutorial misconduct regarding certain testimony adduced at trial. Assigned counsel filed an amended petition and brief, emphasizing trial counsel failed to submit the report or other "writing" from the social worker – who had been retained by trial counsel to conduct a psychosocial evaluation of defendant – in mitigation of his sentence.

In an oral decision, the judge rejected defendant's arguments and denied PCR. The judge concluded defendant failed to establish a prima facie case supporting his petition and, as such, a hearing was not warranted.

Pertinent to this appeal, the PCR judge determined defendant "failed to prov[id]e evidence that the mitigating report would have overcome the high bar" required to demonstrate trial counsel was deficient, and "failed to articulate facts" to demonstrate the sentencing judge would have found mitigating factor four at sentencing. See N.J.S.A. 2C:44-1(b)(4) (the existence of "substantial grounds tending to excuse or justify the defendant's conduct"). Instead, the judge noted counsel argued "forcefully" for mitigation; the sentencing judge considered defendant's head trauma, "afforded it no weight and found that no mitigating factors existed."

A-0120-18T4

Further, in rejecting defendant's PCR claim that trial counsel failed to present a diminished capacity defense, the judge observed "the record is replete with references" by defendant which reveal his "reasons or his thought process involving the assault presented in this case . . . ." According to the judge, defendant made exculpatory statements and excuses: "I didn't do it, or I did it because I was young," but there was no evidence of his alleged diminished capacity in the record.

On appeal, defendant maintains his trial counsel rendered ineffective assistance, but only challenges the judge's decision regarding his mitigating factor four argument. Although defendant acknowledges his trial counsel submitted the hospital records of the beating at sentencing, defendant renews his argument that trial counsel should have submitted a psychosocial report or expert testimony from the social worker who prepared the report.

Having carefully considered defendant's arguments in light of the applicable law, we conclude they lack sufficient merit to warrant extended discussion in our written opinion. R. 2:11-3(e)(2). We add only the following brief remarks.

A defendant is entitled to an evidentiary hearing only when he "has presented a prima facie [case] in support of [PCR]," State v. Preciose, 129 N.J.

451, 462 (1992), meaning that a "defendant must demonstrate a reasonable likelihood that his . . . claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158 (1997). For a defendant to obtain relief based on ineffective assistance grounds, he is obliged to show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his right to a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey).

Defendant failed to satisfy either prong of the Strickland/Fritz test. We agree with the PCR judge's conclusion that defendant's claims regarding his mitigating factor four argument were "speculative." As the judge observed, trial counsel sought mitigation "based on defendant's head injury, provided proof of the head injury and the trial [c]ourt weighed that evidence appropriately."

Indeed, trial counsel submitted defendant's "actual medical records[,]" which were "the best evidence of the injury defendant suffered after being hit in the head . . . ." Although the sentencing judge considered that argument, he reasonably rejected it. Cf. State v. Dalziel, 182 N.J. 494, 504 (2005) ("[W]here mitigating factors are amply based in the record before the sentencing judge, they must be found."). The record simply does not support defendant's

A-0120-18T4

speculative argument that the unspecified opinion of a social worker expert would have compelled the sentencing judge to find mitigating factor four.

Notably, at his resentencing hearing before another judge, defendant stated he had obtained his high school equivalency diploma and was enrolled in his third semester of college in prison, seeking his associate degree in theology. Defendant blamed his participation in the crime on alcohol and drugs, not on his brain trauma.

We therefore conclude that the PCR judge correctly determined defendant failed to establish a prima facie showing of ineffective assistance of counsel. Accordingly, an evidentiary hearing was not necessary to resolve defendant's PCR claims. Preciose, 129 N.J. at 462.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0120-18T4